COPY

JEFFREY M. JUDD (SBN 136358)
JUDD LAW GROUP
222 Sutter Street, Suite 600
San Francisco, California 94108
Telephone: 415.597.5500
Facsimile: 888.308.7686
Email: jeff@juddlawgroup.com

JAY TEITELBAUM (admitted *pro hac vice*)
TEITELBAUM & BASKIN LLP
1 Barker Avenue, Third Floor
White Plains, New York 10601
Telephone 914.437.7670
Email: jteitelbaum@tblawllp.com

Attorneys for Plaintiffs.

FILED
2011 DEC 21 AM 10: 51
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PARENT COMPANY PLAINTIFFS: William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.; Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A. Abatemarco; Gerald J. Alcantar; Richard S. Alfano; C. Michael Armstrong; Gary M. Arnold; John M. Arthur; William H. Barlow; David S. Barrett; Bruce E. Barwick; Todd A. Becker; George Bell; Susan P. Bell; Horst A. Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F. Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief; Robert N. Brisco; Patricia G. Campbell; Dian S. Carpenter; John S. Carroll; Kathleen M. Casey; Rajender K. Chandhok; Randolph R. Charles; Janet T. Clayton; Patrick A. Clifford; Andrew W. Clurman; C. Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar; William D. Crawford; Barbara R. DeYoung; John F. Dill; Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher; Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer; Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J.Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H. Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian Lewis (for the estate of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L.

No. 11-CV-7577-PSG (PLAx)

**SECOND AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY OF TRIBUNE COMPANY AND TRIBUNE COMPANY AFFILIATES AND SUBSIDIARIES UNDER THE UNIFORM FRAUDULENT TRANSFER ACT**

Halajian; Charlotte H. Hall; Jean Halle; Michael J. Haugh; Janis Heaphy; James D. Helin; Curtis A. Hessler; James H. Higby; Lawrence M. Higby; Raymond Holton; Karen Laukka Horn; Leslie M. Howard; Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E. Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller; Joan Kellermann (for the estate of Donald S. Kellermann); Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K. Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A. Laventhol; R. Marilyn Lee Schneider; Martin P. Levin; Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro; Donald S Maxwell; Kathleen G. McGuinness; John C. McKeon; Jack E. Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar; Durham J. Monsma; John T. Nash; Nicholas H. Niles; James H. Norris; James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan; Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry; Maureen G. Peterson; Martha A. Petty; Jack L. Plank; Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley; Michael G. Rose; William J. Rowe; Jerome S. Rubin; Alexander Sann; Geraldine Scally; Herbert K. Schnall; Charles I. Schneider; Hilary A. Schneider; Howard S. Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A. Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton; Judith L. Sweeney; Stender E. Sweeney; James S. Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade; James W. Wallace; Michael E. Waller; Larry W. Wangberg; Howard Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes; Phillip L. Williams; Hazel E. Wilson; Julia C. Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F. Wright; John W. Young; John J. Zakarian; Norene Zapanta (trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without

duplicates): Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack W. Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida.

Plaintiffs,

vs.

Chandler Trust No. 1; Chandler Trust No. 2; Philip Chandler : Residuary TrustNo. 2; May C. Goodan Trust No. 2; Ruth C. Von Platen Trust No. 2; Dorothy B. Chandler Marital Trust No. 2; Dorothy B. Chandler Residuary Trust No. 2; HOC Trust No. 2 FBO Scott Haskins; HOC Trust No. 2 FBO John Haskins; HOC Trust No. 2 FBO Eliza Haskins; HOC GST Exempt Trust No. 2. FBO Scott Haskins;HOC GST Exempt Trust No. 2. FBO John Haskins; HOC GST Exempt Trust No. 2. FBO Eliza Haskins; Alberta W. Chandler Marital Trust No. 2; Earl E. Crowe Trust No. 2; Patricia Crowe Warren Residuary Trust No. 2; Helen Garland Trust No. 2 (For Gwendolyn Garland Babcock); Helen Garland Trust No. 2 (For William M. Garland III); Helen Garland Trust No. 2 (For Hillary Duque Garland); Garland Foundation Trust No. 2; Marian Otis Chandler Trust No. 2; American Enterprise Investment Services Inc.; Reliance Trust Company; The Bank of Nova Scotia; Union Bank of California, N.A.; T. Rowe Price Group, Inc.; Vanguard Group, Inc.; The Vanguard Group, Inc.; The Vanguard Group Inc.; Vanguard FinancialGroup, Inc.; Wedbush Securities, Inc.; Nancy Fay Johnson; Enrique : Hernandez Jr.; Jeffrey Chandler; Roger Goodan; William Stinehart Jr.; Scott Smith;

and

Antoinette B Brumbaugh Ttee U/A Dtd 10/05/94 By Antoinette B Brumbaugh Pledged To ML Lender; Aviv Nevo; B Woods & L Mitchell Ttee - Woods/Mitchell Family Trust U/A DTD 01/25/1999; Barclays Gbl Investors NA; Bechtel; Bellsouth Corp. Non-

Representable Health Care Trust; Bernard And Barbro Osher 2006 Charitable Rem Unitrust #2; Bernard Osher 2006 Charitable; Bernard Osher Trust U/A Dtd 3/8/88; CA Public Employee Retirement System; California Ironworkers Field; CALPERS (California Pub. Emp. Retire. Sys.); CALPERS (Dynamic Completion Fund); Camilla Chandler Family Foundation; Carl Zlatchin Profit; Catherine A Verdusco Ttee U/A Dtd 12/13/1989 Benjamin J. Verdusco Trust; Catholic Healthcare West Chw; Charles Schwab Inv. Mgt. Co; Cutler Group LP; Daryl V Dichek; Eureka Options LLC; First Republic Bank; Glass Lewis & Co.; Herbert G. Lau Profit Sharing Qrp Participation; Iris B. Mahoney & Paul M. Mahoney Ttees for Iris B. Mahoney Revocable Trust U/A/D 04/10/98; Irving & Varda Rabin 1992 Revocable Trust; Janna L Gadden; Joy Leichenger Ttee - Joy Leichenger Trust - U/A DTD 08/02/1978; Kaiser Fdn Hlth Plans+Hospital; Leonard F. Hill, Ttee Hill Revocable Living Trust Dtd 12/24/91; Lucile M Dunn Ttee U/A Dtd 12/19/1991 Lucille Mcvey Dunn Trust; Max S Bell and Jean F Bell; Mellon Bank N.A. Emp Ben Pl; Monumental Life Insurance Co; Nancy Fay Johnson; Patricia H Yeomans Ttee - The Yeomans Family Trust U/A 2/22/92; Paul M Mahoney Ttee U/W/O Paul P Mahoney DTD 12/28/1978; PG&E Qual Cpuc Ndt Partnership; Prism Partners I, L.P.; Prism Partners III Leveraged, L.P.; Re Camden Asset Mgmt LP; Reinhold & Shelley Weege Ttee - Weege Family Trust - U/A 6/21/89; Richard & Carol Askin Ttee U/A Dtd 09/27/1990 By Askin Family Trust; Robert D Friedman Ttee - Friedman Living Trust -U/A 08/04/99; Rosenberg Revocable Trust – Claude And Louise Rosenberg Trustees; RWB; Sacramento Cnty Emp Ret System; Samuel Moore Ttee - Samuel S. Moore Trust - U/A DTD 10/11/1988; San Pasqual Fiduciary Trust Co.; SC Edison Nuclear Facilities; Sempra Energy Pension Mstr Trst; Shirley Dichek Ttee - Dichek Family Trust - U/A 12/11/74 FBO Shirely Dichek; STRS; Synergy Capital Management Llc; The Spurgeon Family Limited; The Whittier Trust Company; University Of CA Regents; V Trader Pro LLC; Verna R.

Harrah Trust Special Account Dtd 9/5/86; Water And Power Employees' Ret; Weintraub Capital Management; WG Trading Co LP; Will K. Weinstein Revocable Trust U/A Dtd 2-27-90; William J Bell Ttee William - James Bell 1993 Tr U/A 8/23/93(Cash & Holding Account); Prism Partners IV Leveraged Offshore Fund; Prism Partners Offshore Fund; Prism Partners II Offshore Fund; Prism Partners II, L.P.; Catherine A. Verdusco as trustee U/A Dtd 12/13/1989 Francesca J. Verdusco Trust; Stanford University LCV; Research Affiliates Fundamental Index LP; MC Investment Partners LLC; Sempra Energy Pension Master Trust; Pacific Gas & Electric Company-PG&E QUAL CPUC NDT Partnership; Los Angeles Dept. Of Water And Power Employee RET-T ROWE PRICE LG VAL – Disability & Death Benefit Insurance Plan; EB RUSSELL 1000 VALUE STOCK-EB DV LARGE CAP VALUE STOCK INDEX; Pacific Select Fund - Equity Index Portfolio; Schwab 1000 Index Fund (2M25); Schwab S&P 500 Index Fund (2M32); Schwab Institutional Select S&P 500 Fund (2M37) ; Schwab Total Stock Market Index Fund (2M40); Schwab Fundamental US LG CO (2MB1); City of Los Angeles Fire and Police Pension Plan; San Francisco City & County Employees' Retirement System; Harvey Mudd College; City Employee's Retirement System of the City of Los Angeles; The Board of Trustees of Leland Stanford Junior University; 02114 Whittier TR CO Value A 01791; Southern California Edison, NDT; B4301 First Republic Bank; and DOES 1 through 2000,

Defendants.

Plaintiffs, as retirees of The Times Mirror Company ("**Times Mirror**"), the Tribune Company ("**Tribune**") and/or one or more of 110 affiliates or subsidiaries of Tribune Company ("**Tribune Entities**"), and as creditors of Tribune and/or one or more of the Tribune Entities, holding claims of in excess of $109 Million (the "**Plaintiffs**"), by and through their counsel, Judd Law Group and Teitelbaum & Baskin, LLP (subject

to admission *pro hac vice)*, complaining of each of the defendants named herein and each of defendants fictitiously named DOES 1 through 2000, inclusive (each a "**Defendant**" and collectively, the "**Defendants**"), allege as follows:

## PRELIMINARY STATEMENT

1. In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving entity. Tribune, among other things, assumed various obligations and commitments to the Plaintiffs, most of whom had given a lifetime of service to Times Mirror. In 2007, during the peak of the financial excesses, Tribune, pressured by its majority shareholders and lured by a scheme orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its employees and its creditors. Tribune incurred approximately $11 Billion in debt to complete a leveraged buyout transaction (the "**LBO Transaction**"), which contemplated the use of approximately $8 Billion of such borrowed funds to purchase, repurchase, redeem and/or cancel the publicly held common stock of Tribune and the Tribune Entities by and through a private Employee Stock Ownership Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities. The LBO Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or with insufficient assets to pay its debts as they came due. The mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media business and drove this icon of the media world into Chapter 11 less than a year after the LBO Transaction closed.[1] As a result,

---

[1] Tribune, the parent company, on December 8, 2008, filed for Chapter 11 bankruptcy protection in the United States District Court for the District of Delaware (the "**Bankruptcy Court**") under the lead case *In re Tribune Company, et al.* (Case No. 08-13141-KJC)(jointly administered)(collectively, the "**Bankruptcy Case**"). In addition, the following affiliates or subsidiaries of Tribune filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (these affiliates and subsidiaries are collectively referred to as the "**Tribune Entities**"): 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave

(Continued...)

Plaintiffs were advised that their retirement benefits would be treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than two and one half years into the Bankruptcy Case and after the expenditure of more than ***$200 Million*** of Tribune's assets on professional fees (more than double what all retirees of Tribune and

---

(...Continued)

Licensee, Inc. (1579); Chicago Land Publishing Company (3237); Chicago Land Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Insert Co, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).

the Tribune Entities are owed) Plaintiffs have been further burdened with the task of avoiding and recovering the wrongful transfers of their retirement funds to stockholders and financial advisors as part of the LBO Transaction.

2. As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune and/or Tribune Entities to or for the benefit of the Defendants.

**STAY OF THIS ACTION**

3. Neither Tribune nor the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "**Creditors' Committee**") sought to preserve the approximately $8 Billion in state law constructive fraud claims against stockholders and others who received transfers from an insolvent Tribune as part of the LBO Transaction (the "**SLCF Claims**").

4. In or around May 4, 2011, the Creditors' Committee provided a notice to creditors of the Bankruptcy Case that the SLCF Claims, including the SLCF Claims asserted herein, would not be prosecuted by the Bankruptcy estate or a creditors' trust to be formed under any plan of reorganization in the Bankruptcy Case and that such claims could face a statute of limitations bar of June 4, 2011. The notice urged creditors who wished to preserve such claims to commence their actions prior to June 4, 2011. A copy of the Creditors' Committee Notice is annexed hereto as Exhibit A.

5. As a result, on the eve of the expiration of the statute of limitations, the Bankruptcy Court issued an order dated April 25, 2011 (Docket No. 8740 in the Bankruptcy Case, the "**SLCFC Lift Stay Order**") (Exhibit A hereto), vacating the automatic stay to permit, among others, the Plaintiffs to commence this action to preserve the claims asserted herein.

6. Paragraph 6 the SLCFC Lift Stay Order, provides in pertinent part, however:

> Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatically in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made . . . .

7. To the extent necessary, Plaintiffs will seek to extend the time for parties to respond to this complaint and seek a stay of these proceedings in compliance with the SLCFC Lift Stay Order.

## NATURE OF THE ACTION

8. 172 of the Plaintiffs are retirees of Times Mirror and creditors of Tribune in the aggregate amount of at least $104 Million ("**TM Retirees**" or "**Tribune Retiree Creditor Plaintiffs**") pursuant to one or more non-tax qualified retirement, pension, deferred compensation, salary continuation, or supplemental payment or severance plans, each as more fully described below (each a "**Retiree Plan**").

9. Seventeen (17) of the Plaintiffs are retirees of one or more Tribune Entities and creditors of one or more Tribune Entities in the aggregate amount of at least $5 Million ("**Tribune Entity Retirees**" or "**Tribune Entity Retiree Creditor Plaintiffs**") pursuant to one or more Retiree Plans.[2]

10. The Defendants received transfers of funds from Tribune and/or Tribune Entities in the amount of at least $109 Million in 2007 for their common stock of Tribune at $34 per share.

11. The common stock for an insolvent Tribune had little or no value.

12. The Plaintiffs gave their lives to Times Mirror, Tribune and/or one or more Tribune Entities, and were relying upon their Retiree Plans in their so-called "golden years" for daily living expenses and for their retirement nest egg.

---

[2] In total there are 188 Plaintiffs; two Plaintiffs are both Tribune Retiree Creditor Plaintiffs and Tribune Entity Retiree Creditor Plaintiffs.

13. The Plaintiffs had the rug pulled out from under them on December 8, 2008 when Tribune and the Tribune Entities, burdened with over $11 Billion of debt incurred as part of the LBO Transaction, commenced the Bankruptcy Case.

14. Immediately following the commencement of the Bankruptcy Case, the Plaintiffs were advised that the periodic payments under their Retiree Plans would be cut off and the value of their retirement portfolio would be worth pennies on the dollar. As detailed below, the Plaintiffs turned to the Bankruptcy Court and the Creditors' Committee to preserve their retirement funds; however, neither could save the Plaintiffs from what had been done.

15. The Retiree Plans were neither ERISA plans nor otherwise tax qualified plans and Tribune had not segregated funds to support the payment of the Retiree Plans.

16. As such, the Plaintiffs were general unsecured creditors of Tribune and/or one or more Tribune Entities at the time of the LBO Transaction and as of the commencement of the Bankruptcy Case.

17. Plaintiffs have been treated and classified as general unsecured creditors of Tribune and/or one or more Tribune Entities in the Bankruptcy Case.

18.The LBO Transaction (i) rendered Tribune insolvent; (ii) left Tribune with unreasonably small assets or capital to operate; and/or (iii) left Tribune with debts beyond its ability to pay as they became due.

19. The LBO Transaction (i) rendered the Tribune Entities insolvent; (ii) left the Tribune Entities with unreasonably small assets or capital to operate; and/or (iii) left the Tribune Entities with debts beyond their ability to pay as they became due.

20. The transfers to the Defendants were transfers of property of Tribune (i) made while Tribune was insolvent; (ii) which rendered Tribune insolvent; or (iii) which left Tribune with unreasonably small capital or assets to operate, including to pay debts as such debts became due.

21. The transfers to the Defendants were transfers of property of one or more Tribune Entities (i) made while the Tribune Entities were insolvent; (ii) which

rendered the Tribune Entities insolvent; or (iii) which left the Tribune Entities with unreasonably small capital or assets to operate including to pay debts as such debts became due.

22. The transfers to the Defendants were made for less than fair or reasonable consideration to Tribune and/or the Tribune Entities.

## APPLICABLE LAW

23. The Plaintiffs bring this action under the UFTA, as adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*) (the "**UFTA**"), in their capacity as creditors of Tribune and/or one or more Tribune Entities, to avoid and recover transfers of property of Tribune and/or one or more Tribune Entities made to or for the benefit of the Defendants (the "**Fraudulent Conveyances**" as more fully defined below) and to Plaintiffs' detriment.

24. Tribune is a corporation incorporated under the laws of the State of Delaware.

25. Tribune's corporate headquarters are located at 435 North Michigan Avenue, Chicago, Illinois 60611.

26. Upon information and belief, substantially all of the decisions, negotiations and approvals concerning the LBO Transaction occurred in Chicago, Illinois.

27. Upon information and belief, all of the Fraudulent Conveyances were approved by Tribune in Illinois and originated in Illinois.

28. The UFTA as adopted in the State of Illinois is applicable based upon the nexus of the LBO Transaction, Tribune and the Fraudulent Conveyances to each jurisdiction.

## THE LBO TRANSACTION

29. In September 2006, as a result of pressure from the majority shareholders[3] of Tribune to maximize the value of the common stock of Tribune, the Board of Directors of Tribune (the "Board") announced that it had established a special committee comprised of certain members of the Board (the "Special Committee") to oversee management's exploration of alternatives to achieve this goal.

30. In or around October 2006, Tribune retained Morgan Stanley & Co. Inc. ("**Morgan Stanley**") to act as a financial advisor to the Special Committee and, upon information and belief, paid Morgan Stanley more than $10 Million in fees and expenses.

31. Tribune thereafter engaged Merrill Lynch, Pierce, Fenner & Smith Incorporated ("**Merrill**", together with Merrill Lynch Capital Corporation, "**Merrill Lynch**") and Citigroup Global Markets, Inc. ("**CGMI**") as financial advisors in connection with the LBO Transaction.

32. Merrill Lynch and CGMI also served as lead arrangers for the credit facilities that provided financing for the LBO Transaction.

33. By October 2006, seventeen potential outside purchasers had expressed interest in Tribune.

34. On April 1, 2007, following management's endorsement and the Special Committee's recommendation, the Board agreed to a proposal by Sam Zell whereby Tribune entered into a merger agreement that contemplated the purchase, repurchase, redemption and/or cancellation of 100% of the common stock of Tribune in two steps.

35. The purchase of such stock, the cancellation of existing indebtedness and the payment of millions of dollars in fees was financed with approximately $11 Billion of debt made available to Tribune through the LBO Transaction.

36. In or around June 4, 2007, Tribune incurred approximately $8 Billion in

[3] Upon information and belief the majority shareholders included (x) The Chandler Trusts, which held over 48 Million shares of common stock of Tribune and (y) the McCormick Foundation Trust, which held over 28 Million shares of the outstanding common stock of Tribune.

debt to, among other things, purchase approximately 50% of the outstanding shares (126,000,000 shares) of Tribune common stock in a tender offer for $34.00 per share ("**Step One**").

37. In or around the period commencing June 4, 2007, Tribune used at least $4.3 Billion of the proceeds of the Step One indebtedness to make transfers to holders of Tribune common stock to purchase, repurchase, redeem, and/or cancel approximately 50% of Tribune common stock and to pay fees and expenses to professionals and advisors (the "**Step One Transfers**").

38. In or around December 7, 2007, Tribune incurred an additional $3 Billion in debt to, among other things, purchase, repurchase, redeem and/or cancel its remaining outstanding shares of common stock for $34.00 per share ("**Step Two**").

39. The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

40. In or around the period commencing December 7, 2007, Tribune used the proceeds of the Step One and Step Two indebtedness and other assets of Tribune and/or Tribune Entities to make transfers to holders of Tribune common stock in the aggregate amount of approximately $4 Billion to purchase, repurchase, redeem, and/or cancel the remaining approximately 50% of its common stock and to pay fees and expenses to professionals and advisors (the "**Step Two Transfers**" and together with the Step One Transfers, the "**Fraudulent Conveyances**").

41. The LBO Transaction was effected through a private S-corporation entity wholly owned by the ESOP so as to generate certain tax benefits. The tax and other benefits of the LBO Transaction could only be realized upon consummation of the repurchase of the common stock of Tribune as part of Step Two.

42. Upon information and belief, Dan Neil and Eric Bailey, former employees of Tribune, have commenced a class action under the Employee Retirement Income Security Act ("**ERISA**"), on their behalf and on behalf of approximately 11,000 ESOP participants who were former employees of Tribune Company against Samuel

Zell, GreatBanc Trust Company, and EGI-TRB, LLC in the United States District Court for the Northern District of Illinois, alleging that the LBO Transaction rendered the stock in the ESOP worthless and the transaction, among other things, violated ERISA. The action is identified as *Dan Neil and Eric Bailey, Individuals, and on Behalf of Themselves and all other Similarly Situated Plaintiffs v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC.*, No. 08 C 6833 (the "**<u>ESOP Action</u>**").

43. Upon information and belief, by memorandum decision and order dated March 4, 2011, the Illinois District Court certified the class of plaintiffs in the ESOP Action.

44. Sam Zell, who was elected to Tribune's Board in or around May 2007 and became Chairman of the Board and President and Chief Executive Officer of Tribune in or around December 2007, upon information and belief, directly or indirectly received Fraudulent Conveyances of in excess of $5 Million through the LBO Transaction at the expense of the creditors of Tribune and Tribune Entities.

45. Upon information and belief, the commitment letters that were executed in connection with Step One committed Merrill Lynch Capital Corporation ("**<u>MLCC</u>**"), CGMI and JPMorgan Chase Bank, N.A. (collectively, the "**<u>Lenders</u>**") to provide the requisite financing for both Step One and Step Two.

46. Upon information and belief, prior to the Board's approval of the LBO Transaction in April 2007, Tribune knew or should have known that financial projections used to support the LBO Transaction were unreliable and that a negative variance of a mere 2% would result in Tribune and/or the Tribune Entities being rendered insolvent upon incurring the LBO indebtedness.

47. Indeed, as of March 25, 2007, upon information and belief, management knew that both revenue and operating cash flow for the publishing business for the first quarter of 2007 were already at least 2% below the financial projections, and management knew that the industry trend was negative.

48. Tribune retained Valuation Research Corporation ("**VRC**") for a solvency opinion.

49. Neither Tribune nor VRC acted reasonably in connection with the issuance of any opinions issued by VRC.

50. Upon information and belief, VRC uncritically accepted financial projections from Tribune and based its opinions on outdated and unreliable financial projections finalized by management and approved by the Board in February 2007 (the "**February Projections**").

51. Upon information and belief, the February Projections were substantially higher than actual operating results. For example, actual publishing revenues for March 2007 were 4.3% below those in the February Projections. Similarly, actual publishing revenues for April and May were, respectively, 4.9% and 8.6% below the level necessary to sustain the debt level of the LBO Transaction. March 2007 actual broadcasting revenue was 3.0% below the February Projections. May 2007 broadcasting revenues were 6.4% below the February Projections. In the aggregate, for the three months March through May 2007, publishing revenues were $55 Million below those in the February Projections, and broadcasting revenues were $9 Million below the level necessary to service the debt incurred as part of the LBO Transaction.

52. Upon information and belief, the financial projections were updated by management and presented, in part, to the Board in October 2007 (the "**October Projections**").

53. Upon information and belief, despite the fact that the October Projections were downwardly revised for the short term, management, and its advisors, including VRC, ignored actual historical results and overall trends in the industry; as such, the October Projections reflected an unsustainable and unrealistic growth model, including (i) generating significant revenues for the internet based businesses despite underperforming 2007 projections by at least 4%; and (ii) outperforming February Projections on a consolidated basis, year after year, with a projected growth of 2.4% per

year beginning in 2013 and accelerating through 2017.

54. In all, VRC upwardly revised its valuation by approximately $613 Million to support the LBO Transaction and was paid in excess of $1.5 Million.

55. By blindly accepting information and either intentionally or negligently preparing its analysis, VRC failed to provide any reasonable value for the fees it received.

56. In September 2007, Tribune engaged Morgan Stanley to advise the Board and management concerning the LBO Transaction, including with respect to the issue of solvency.

57. Morgan Stanley was paid at least $10 Million.

58. Upon information and belief, Morgan Stanley either negligently or intentionally failed to advise Tribune that the application of reasonable negative assumptions to the financial projections would render Tribune and/or the Tribune Entities insolvent after giving effect to the LBO Transaction.

59. Morgan Stanley failed to provide any reasonable value to Tribune.

60. On December 20, 2007, Chandler Bigelow[4] and Donald C. Grenesko[5] delivered the required solvency certificates on behalf of Tribune, thereby consummating the LBO Transaction.

61. As a result of the LBO Transaction and the Fraudulent Conveyances, Tribune (i) was rendered insolvent; (ii) was left with unreasonably small capital or

---

[4] Chandler Bigelow ("**Bigelow**") was Tribune's Treasurer at the time of the LBO Transaction, and currently is Tribune's Chief Financial Officer. Bigelow was also the Vice President and Treasurer of one or more of the Tribune Entities that guaranteed the obligations of Tribune. Upon information and belief, Bigelow received monetary special incentives in connection with consummation of the LBO Transaction and sold at least 7,183 shares of Tribune stock for at least $244,000 in connection with the LBO Transaction. Upon information and belief, Bigelow lives in Illinois.

[5] Donald C. Grenesko ("**Grenesko**") was Tribune's Senior Vice President of Finance and Administration at the time of the LBO Transaction. Upon information and belief, Grenesko sold 242,357 shares of Tribune stock in connection with the LBO Transaction from which he received approximately $8,240,138 in cash proceeds. Upon information and belief, Grenesko also received additional monetary special incentives in connection with consummation of the LBO Transaction. Upon information and belief, Grenesko lives in Illinois.

assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts that Tribune Company knew or reasonably should have known were beyond its ability to repay.

62. As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entities (i) were rendered insolvent; (ii) were left with unreasonably small capital or assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts that the Tribune Entities knew or reasonably should have known were beyond their ability to repay.

63. As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against Tribune.

64. As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entity Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against one or more of the Tribune Entities.

65. Tribune did not receive reasonably equivalent value for the Fraudulent Conveyances to Defendants.

66. The Tribune Entities did not receive reasonably equivalent value for the guarantee of the obligations incurred as part of the LBO Transaction or for the Fraudulent Conveyances to Defendants.

67. Each of the Plaintiffs who are Tribune Retiree Creditor Plaintiffs were creditors of Tribune at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

68. Each of the Plaintiffs who are Tribune Entity Retiree Creditor Plaintiffs were creditors of one or more Tribune Entities at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

**THE TRIBUNE COMPANY BANKRUPTCY CASES**

69. As a direct result of the LBO Transaction and the Fraudulent Conveyances, Tribune and the Tribune Entities, among other things, (i) incurred over $11 Billion in debt, (ii) transferred or caused to be transferred approximately $8.3 Billion to purchase, repurchase, redeem and/or cancel common stock of Tribune, (iii) transferred approximately $207 Million to professionals and lenders for fees, costs and expenses; (iv) transferred approximately $907 Million in interest payments and $978 Million in principal payments on account of the debt incurred; and (v) commenced the Bankruptcy Cases on December 8, 2008, less than a year after the Step Two Transfers.

70. Pursuant to an affidavit sworn to December 8, 2008 and filed with the Bankruptcy Court in the Bankruptcy Cases the ("**Bigelow Affidavit**"), Tribune Vice President and Chief Financial Officer Chandler Bigelow stated that prior to the LBO Tribune and the Tribune Entities had approximately $3 Billion of indebtedness; but following the LBO Transaction, Tribune had approximately $13 Billion of debt and approximately $7.6 Billion in assets. (Bigelow Affidavit at ¶11).

71. Further, pursuant to the Bigelow Affidavit, in 2007 (i) the Tribune Entities had revenues of approximately $5.1 Billion, approximately 72% of which was from publishing and approximately 28% of which was from broadcasting and entertainment; (ii) publishing revenues had declined by approximately 9% and broadcasting and entertainment revenues had declined by approximately 2% due to decreased circulation and advertizing. (Bigelow Affidavit at ¶11)

72. Bigelow concluded that the Tribune Entities "faced increasing constraints on their liquidity, including their ability to service approximately $13 Billion in indebtedness. . . ." (Bigelow Affidavit at ¶12).

73. Thus, the LBO Transaction rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or assets to operate including to pay debts as such debts became due to creditors.

74. As a result of the LBO Transaction and the Bankruptcy Case, the

Plaintiffs were advised that payments due to them arising from or in connection with the Retiree Plans would be treated as general unsecured claims in the Bankruptcy Cases.

75. Consequently, the periodic benefit payments to Plaintiffs under any such Retiree Plans were immediately discontinued and all accrued and unpaid amounts due in connection with such Retiree Plans would be paid to the Plaintiffs only pursuant to the Bankruptcy Code and the terms of a confirmed plan of reorganization.

76. The Plaintiffs had relied upon the payment of their retirement funds as a substantial part of their income and for their retirement savings.

77. Plaintiffs William A. Niese, James R. Simpson, Jr., W. Thomas Johnson, Jr., Richard T. Schlosberg, III and Efrem Zimblist, III, immediately formed a steering committee to protect the rights of Tribune Retiree Creditors and Tribune Entity Retiree Creditors (the "**Steering Committee**") in the Bankruptcy Cases.

78. In December 2008, the Steering Committee engaged Teitelbaum & Baskin, LLP ("**T&B**") to represent the interests of the Steering Committee, and such other Tribune Retiree Creditors and Tribune Entity Retiree Creditors who may join them, in the Bankruptcy Case.

79. Ultimately, approximately 194 Tribune Retiree Creditors and Tribune Entity Retiree Creditors joined the Steering Committee and engaged T&B to represent their interests in the Bankruptcy Case.

80. Plaintiff William A. Niese was appointed to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") as the representative of all retiree interests in the Bankruptcy Case.

81. Since December 2008, Niese and T&B have actively participated in the Bankruptcy Case on behalf of retirees of Tribune, Tribune Entities and Times Mirror and in furtherance of the interests of general unsecured creditors of Tribune and Tribune Entities.

82. The Tribune Retiree Creditor Plaintiffs represent over $104 Million of the approximately $113 Million in similar claims asserted against Tribune in the

Bankruptcy Cases.

83. The Tribune Entity Retiree Creditor Plaintiffs represent over $5 Million of the approximately $13 Million in similar claims asserted against the Tribune Entities in the Bankruptcy Cases.

84. Upon information and belief, all Plaintiff claims are liquidated in amount and not disputed or subject to offsets, counterclaims or defenses of any kind.

85. After nearly 2 ½ years in bankruptcy, the Bankruptcy Court has been presented with two competing plans of reorganization.

86. The DCL Plan, as amended as of April 26, 2011(Bankruptcy Court Docket No. 8769) ("the **DCL Plan**"), is jointly proposed by Tribune and the Tribune Entities, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**DCL Plan Proponents**").

87. The Noteholder Plan, as amended as of April 25, 2011 (Bankruptcy Court Docket No. 8755) (the "**Noteholder Plan**"), is jointly proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "**Noteholder Plan Proponents**").

88. The Bankruptcy Court is presently considering which, if either, plan should be confirmed.

89. Under each plan, each Tribune Retiree Creditor Plaintiff claim against Tribune is classified together and treated identically, irrespective of which Retiree Plan formed the basis of the claim.

90. Under the DCL Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1F (other than convenience class claims as Class 1G), and each such claim is treated identically; and (ii) each Tribune Entity Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 2E through 111E, and each such claim

is treated identically.

91. Under the Noteholder Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1G and each such claim is treated identically; and (ii) each Tribune Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 50G through 111G, and each such claim is treated identically.

92. The Plaintiffs and retirees in general have overwhelmingly voted in favor of the DCL Plan and against the Noteholder Plan.

93. Contested confirmation proceedings have been conducted before the Bankruptcy Court with respect to both the DCL Plan and the Noteholder Plan.

94. Upon information and belief, in or around mid June 2011, the proponents of each of the DCL Plan and the Noteholder Plan will have made their final submissions to the Bankruptcy Court.

95. It is uncertain if or when either the DCL Plan or the Noteholder Plan will be confirmed or become effective such that distributions will be made to creditors of Tribune and Tribune Entities, including the Plaintiffs.

96. Assuming the DCL Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1F general unsecured creditors of Tribune, would receive initial distributions of between 32% and 35% of their allowed claims and certain such Plaintiffs (depending upon elections they make) could receive additional distributions on account of litigation recoveries in connection with an action commenced by the Creditors' Committee against various parties who participated in and/or received benefits from the LBO Transaction (the "**Committee Action**"); and (ii) the Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 2E through 111E general unsecured creditors of Tribune Entities could receive a distribution of 100% of their allowed claims.

97. Assuming the Noteholder Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1G general unsecured

creditors of Tribune, would receive initial distributions of approximately 4% of their allowed claims and could receive additional distributions on account of litigation recoveries; and (ii) Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 50G through 111G general unsecured creditors of Tribune Entities could receive an initial distribution of approximately 8% of their allowed claims and could receive additional distributions on account of litigation recoveries.

98. On or about November 1, 2010, the Creditors' Committee commenced the Committee Action as an adversary proceeding captioned *The Official Committee Of Unsecured Creditors Of Tribune Company, on behalf of Tribune Company, et al., vs. Dennis J. Fitzsimons, et al.*(Case No. 08-13141) (Adv. Pro. No. 10-54010) (Docket No. 1). Many of the allegations made herein "upon information and belief" are based upon the detailed allegations set forth in the Creditors' Committee first amended complaint dated December 7, 2010 (Docket No. 61) (the "**Committee Action Complaint**").

99. In addition, certain allegations made herein "upon information and belief" are based upon the report, dated July 26, 2010, filed by Kenneth Klee as the court appointed examiner in the Bankruptcy Case (the "**Examiner's Report**" available on the Bankruptcy Court's Docket at Nos. 5130 through 5134).

100. Under both the DCL Plan and the Noteholder Plan, the prosecution of state law constructive fraud claims, such as those asserted herein, are left to the creditors holding such claims.

## JURISDICTION AND VENUE

101. Upon information and belief, the Defendants are all similarly situated transferees of the Fraudulent Conveyances, either in their capacity as common stockholders, clearing houses for ultimate transferees, professionals or advisors.

102. Upon information and belief, the Defendants reside in this jurisdiction, have an office in this jurisdiction, or are otherwise subject to the jurisdiction of this Court. Venue is proper based upon the residence, domicile or place of business of some or all of the Defendants.

## THE PLAINTIFFS

103. 172 Tribune Retiree Creditor Plaintiffs hold claims against Tribune in the aggregate amount of at least $104 Million based upon one or more of the Retiree Plans.

104. Seventeen (17) Tribune Entity Retiree Creditor Plaintiffs hold claims against one or more Tribune Entities in the aggregate amount of at least $5 Million based upon one or more of the Retiree Plans.

105. The Tribune Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune to or for the benefit of the Defendants and to recover such funds on account of the their claims against Tribune pursuant to the UFTA as adopted in Illinois.

106. The Tribune Entity Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune Entities to or for the benefit of the Defendants and to recover such funds on account of the their claims against the Tribune Entities pursuant to the UFTA as adopted in Illinois.

107. The Tribune Retiree Creditor Plaintiffs:

(a) are retirees of Times Mirror and/or Tribune;

(b) at the time of the Step One and Step Two Transfers had claims against Tribune based upon one or more of the following Retiree Plans:

- Times Mirror Excess Pension Plan (the "**Excess Plan**") which covered employees of Times Mirror whose benefits under Times Mirror's qualified pension plan were capped by IRS regulation;

- Times Mirror Supplemental Retirement Plan (the "**SERP**") which covered a limited number of senior executives of Times Mirror and provided benefits based upon salary plus bonus and a subsidized survivor annuity;

- Times Mirror Deferred Compensation Plans which permitted eligible employees or directors of Times Mirror to defer some of their annual compensation, some, or all, of their annual bonus, and in the case of directors, some or all of their annual retainer, and select a payment start date and payment period; the deferred amounts were to accrue interest at 9% per annum; and Tribune Supplemental 401(k) Plan (together with the Times Mirror Deferred Compensation Plans, the "**DC-Plans**") which permitted eligible employees of Tribune to

receive a supplemental company contribution related to their 401(k) benefits; and

- Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Letter Agreements**") which were entered into with certain executives to provide an additional severance, salary continuation, supplemental payments or pension package.

108. The Tribune Entity Retiree Creditor Plaintiffs:

(a) are retirees of one or more Tribune Entities; and

(b) who at the time of the LBO Transaction had claims against one or more Tribune Entities based upon Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Subsidiary Letter Agreements**") which were entered into with certain executives to provide additional severance, salary continuation, supplemental payments or pension package.

109. None of the Plaintiffs has released their SLCF Claims asserted herein by electing to grant a release as part of the DCL Plan election form, distributed in May 2011 (the "**DCL Plan Election Form**").

110. None of the Plaintiffs has contributed their SLCF Claims asserted herein to a creditors' trust as part of the DCL Plan Election Form.

**Tribune Retiree Creditor Plaintiffs**

111. Each of the Tribune Retiree Creditor Plaintiffs identified herein is a creditor of Tribune and was a creditor of Tribune as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a) **William A. Niese:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,894,702.51.

(b) **James R. Simpson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,924,877.86.

(c) **W. Thomas Johnson, Jr.:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,091,151.24.

(d) **Richard T. Schlosberg, III:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,760,068.72.

(e) **Efrem Zimbalist, III:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,206,657.73.

(f) **Fred A. Abatemarco:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,156.30.

(g) **Gerald J. Alcantar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,811.29.

(h) **Richard S. Alfano:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $56,537.94.

(i) **C. Michael Armstrong:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $195,890.45.

(j) **Gary M. Arnold:** (i) is a citizen and/or resident of the State of Illinois; (ii) or

the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $103,730.01.

(k) **John M. Arthur:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $78,075.76.

(l) **William H. Barlow:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $30,213.16.

(m)**David S. Barrett:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,685.88.

(n) **Bruce E. Barwick:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $46,913.69.

(o) **Todd A. Becker:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $130,317.53.

(p) **George Bell:** (i) is a citizen and/or resident of the State of Massachusetts; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $21,758.70.

(q) **Susan P. Bell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action

and asserts a claim and damages in the amount of not less than $43,290.37.

(r) **Horst A. Bergmann:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $5,868,608.14.

(s) **Edward L. Blood:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,974.55.

(t) **Gregory L. Bowlin:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $548.59.

(u) **Robert F. Brandt:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $51,409.08.

(v) **Alan L. Brauer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $27,545.56.

(w) **Leo Brennan:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $650,642.48.

(x) **Kenneth H. Brief:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $79,868.36.

(y) **Robert N. Brisco:** (i) is a citizen and/or resident of the State of California;

(ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $55,918.19.

(z) **Patricia G. Campbell:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $102,312.38.

(aa) **Dian S. Carpenter:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $703,514.32.

(bb) **John S. Carroll:** (i) is a citizen and/or resident of the State of Kentucky; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,523,628.61.

(cc) **Kathleen M. Casey:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,836.75.

(dd) **Rajender K. Chandhok:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,874.04.

(ee) **Randolph R. Charles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $53,190.66.

(ff) **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to

bring this action and asserts a claim and damages in the amount of not less than $122,035.39.

(gg) **Patrick A. Clifford:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,161,516.02.

(hh) **Andrew W. Clurman:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $50,625.17.

(ii) **C. Shelby Coffey, III:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,849.60.

(jj) **Stuart K. Coppens:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $22,713.20.

(kk) **George J. Cotliar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,050.32.

(ll) **William D. Crawford:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $81,779.00.

(mm) **Barbara R. DeYoung:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right

to bring this action and asserts a claim and damages in the amount of not less than $140,144.34.

(nn) **John F. Dill:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $109,100.04.

(oo) **Ann E. Dilworth:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $184,998.00.

(pp) **Kathryn M. Downing:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,350,233.65.

(qq) **Beverly Dreher:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,882.23.

(rr) **Elizabeth V. Drewry:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,351.22.

(ss) **Michael S. Dubester:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $38,404.01.

(tt) **John M. Dyer:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $592,605.17.

(uu) **Robert F. Erburu:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,976,796.34.

(vv) **David A. Esgro:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,602.00.

(ww) **Joanne K. Falk:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,983.00.

(xx) **Peter J. Fernald:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than **$174,235.31.**

(yy) **James E. Fitzgerald:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,437.04.

(zz) **Michael J. Forgione:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,838.32.

(aaa) **Donald H. Forst:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,977.12.

(bbb) **Douglas Fox:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $154,934.21.

(ccc) **Vance I. Furukawa:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $318,241.94.

(ddd) **Debra A. Gastler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,061.35.

(eee) **Gary P. Goldstein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $217,241.76.

(fff) **Edward J. Gottsman:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $181,031.90.

(ggg) **Marian Lewis (for the estate of Kenneth Graham):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $14,288.91.

(hhh) **Robert T. Grant:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,899.74.

(iii)**Richard Guerrero:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $569,312.18.

(jjj)**Lee J. Guittar:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $126,217.54.

(kkk) **James F. Guthrie:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,807.24.

(lll)**Delynn T. Guttry:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $70,638.34.

(mmm)**Kenneth L. Halajian:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $279,880.66.

(nnn) **Charlotte H. Hall:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $532,387.27.

(ooo) **Jean Halle:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,477.17.

(ppp) **Michael J. Haugh:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right

to bring this action and asserts a claim and damages in the amount of not less than $173,043.24.

(qqq) **Janis Heaphy:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,041.17.

(rrr) **James D. Helin:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $34,404.38.

(sss) **Curtis A. Hessler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,022,521.60.

(ttt)**James H. Higby:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,086.86.

(uuu) **Lawrence M. Higby:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $191,250.95.

(vvv) **Raymond Holton:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,402.16.

(www) **Karen Laukka Horn:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than

$329,826.52.

(xxx) **Leslie M. Howard:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $145,496.90.

(yyy) **Mark E. Howe:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $187,208.77.

(zzz) **Joseph M. Hughes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,913.12.

(aaaa) **Alberto Ibarguen:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,577.00.

(bbbb) **James Imbriaco:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,028.95.

(cccc) **Steven L. Isenberg:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,618.26.

(dddd) **William R. Isinger:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than

$298,855.71.

(eeee) **Raymond A. Jansen, Jr.:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,439,394.24.

(ffff) **Edward E. Johnson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,183,611.96.

(gggg) **Robert M. Johnson:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $314,859.81.

(hhhh) **Mary E. Junck:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $687,471.28.

(iiii) **Scott W. Kabak:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $135,856.56.

(jjjj) **Judith S. Kallet:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,874.62.

(kkkk) **William F. Keller:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,819.77.

(llll) **Joan Kellermann (for the estate of Donald S. Kellermann):** (i) is a citizen and/or resident of Washington DC; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $202,942.77.

(mmmm) **Victoria King:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,235.11.

(nnnn) **Jason E. Klein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $113,350.42.

(oooo) **Jeffrey S. Klein:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $214,771.81.

(pppp) **Susan K. Klutnick:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $381,723.02.

(qqqq) **James L. Kopper:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $353,362.22.

(rrrr) **Sally Kuekes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,664.99.

(ssss) **Mark H. Kurtich:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $90,448.02.

(tttt) **Kimberly McCleary LaFrance:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,006.64.

(uuuu) **Jeffrey W. Lankey:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,600.23.

(vvvv) **David A. Laventhol:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,598,937.76.

(wwww) **R. Marilyn Lee Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,947.25.

(xxxx) **Martin P. Levin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $103,195.50.**

(yyyy) **Jesse E. Levine:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,524.89.

(zzzz) **Nancy Lobdell:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,583.28.

(aaaaa) **Robert G. Magnuson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $230,074.32.

(bbbbb) **Anthony J. Marro:** (i) is a citizen and/or resident of the State of Vermont; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $324,038.35.

(ccccc) **Donald S Maxwell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $375,385.65.

(ddddd) **Kathleen G. McGuinness:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,800,192.32.

(eeeee) **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $91,979.56.

(fffff) **Jack E. Meadows:** (i) is a citizen and/or resident of the State of Arkansas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $108,100.07.

(ggggg) **Stephen C. Meier:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $232,480.68.

(hhhhh) **Janie Molvar:** (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $843,787.40.

(iiiii) **Roger H. Molvar:** (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $560,764.12.

(jjjjj) **Durham J. Monsma:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,492.11.

(kkkkk) **John T. Nash:** (i) is a citizen and/or resident of the State of Hawaii; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $373,594.11.

(lllll) **Nicholas H. Niles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,691.01.

(mmmmm) **James H. Norris:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $244,398.59.

(nnnnn) **James H. Nuckols:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,526.04.

(ooooo) **Nancy W. O'Neill:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $473,600.44.

(ppppp) **Robert T. O'Sullivan:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $317,971.62.

(qqqqq) **Francis P. Pandolfi:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $172,194.00.

(rrrrr) **Michael C. Parks:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,963,183.90.

(sssss) **Jeffrey N. Paro:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,050.82.

(ttttt) **John F. Patinella:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $150,001.24.

(uuuuu) **Janette O. Payne:** (i) is a citizen and/or resident of the State of New

York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,393.07.

(vvvvv) **Carol Perruso:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $93,718.73.

(wwwww) **Victor A. Perry**: (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,377.21.

(xxxxx) **Maureen G. Peterson:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $594,751.05.

(yyyyy) **Martha A. Petty:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $149,885.51.

(zzzzz)**Jack L. Plank:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $316,088.85.

(aaaaaa) **Elizabeth F. Redmond:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $838,434.21.

(bbbbbb) **S. Keating Rhoads:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $98,744.57.

(cccccc) **Michael R. Riley:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $123,950.91.

(dddddd) **Michael G. Rose:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $352,557.60.

(eeeeee) **William J. Rowe:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $308,021.09.

(ffffff) **Jerome S. Rubin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $151,876.68.

(gggggg) **Alexander Sann:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,456,012.18.

(hhhhhh) **Geraldine Scally:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $28,433.38.

(iiiiii) **Herbert K. Schnall:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $601,401.39.

(jjjjjj) **Charles I. Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $300,413.12.

(kkkkkk) **Hilary A. Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,920.23.

(llllll) **Howard S. Schneider:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,725.93.

(mmmmmm) **Brian J. Sellstrom:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,424.51.

(nnnnnn) **James D. Shaw:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,663.28.

(oooooo) **Dennis A. Shirley:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,374,704.51.

(pppppp) **Gary K. Shorts:** (i) is a citizen and/or resident of the State of

Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $169,089.46.

(qqqqqq) **Louis Sito:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $100,409.32.

(rrrrrr) **Richard W. Stanton:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,991.00.

(ssssss) **Judith L. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,827.72.

(tttttt) **Stender E. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $92,525.62.

(uuuuuu) **James S. Toedtman:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,503.51.

(vvvvvv) **Sharon S. Tunstall:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,684.60.

(wwwwww) **Michael S. Udovic:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,875.50.

(xxxxxx) **Michael J. Valenti:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,228,403.25.

(yyyyyy) **Karen J. Wada:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $277,091.87.

(zzzzzz) **Claudia A. Wade:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $25,214.57.

(aaaaaaa) **James W. Wallace:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $319,337.67.

(bbbbbbb) **Michael E. Waller:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,856,802.57.

(ccccccc) **Larry W. Wangberg:** (i) is a citizen and/or resident of the State of Idaho; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $403,201.80.

(ddddddd) **Howard Weinstein:** (i) is a citizen and/or resident of the State of

Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $346,023.78.

(eeeeeee) **William D. Wiegand:** (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $348,721.05.

(fffffff)**Mary A. Wild:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $36,816.87.

(ggggggg) **Mark H. Willes:** (i) is a citizen and/or resident of the State of Utah; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $19,534,351.47.

(hhhhhhh) **Phillip L. Williams:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $572,842.71.

(iiiiiii) **Hazel E. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $26,114.05.

(jjjjjjj) **Julia C. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $219,353.70.

(kkkkkkk) **Harold F. Woldt, Jr.:** (i) is a citizen and/or resident of the State of

California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,533.16.

(lllllll) **Leo Wolinsky:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $606,750.39.

(mmmmmmm) **Donald F. Wright:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,713,574.92.

(nnnnnnn) **John W. Young:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $73,452.93.

(ooooooo) **John J. Zakarian:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $295,629.56.

(ppppppp) **Norene Zapanta (trustee for Dr. Edward Zapanta Trust):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,482.47.

**Tribune Entity Retiree Creditor Plaintiffs**

112. Each of the Tribune Entity Retiree Creditor Plaintiffs identified herein are creditors of one or more Tribune Entities and were creditors of one or more Tribune Entities as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a) **Sharon M. Bowen:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,928.66.

(b) **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $15,217.72.

(c) **James Willard Colston:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $341,112.31.

(d) **Grace E. Crowder:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $328,983.31.

(e) **John Darnall:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $12,067.23.

(f) **Kenneth G. Davis:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,588.75.

(g) **Mary M. Downes:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,609.85.

(h) **Paul H. Egan:** (i) is a citizen and/or resident of the State of Oregon; (ii) or

the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $23,494.71.

(i) **Arnold J. Kleiner:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,428,807.91.

(j) **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,949.00.

(k) **John R. Murphy:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,259,218.77.

(l) **Barbara Sample (for the estate of Jack W. Neely):** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,957.24.

(m)**Carolyn Selzer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,834.93.

(n) **William F. Thomas:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $395,688.06.

(o) **Caroline Thorpe:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $60,000.00.

(p) **Robert E. Trainor:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,825.54.

(q) **Herbert J. Vida:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,399.65.

## THE DEFENDANTS

### Entity Stock Transferee Defendants:

113. Upon information and belief, **Defendants Chandler Trust No.1** and **Chandler Trust No. 2** (collectively, the "Primary Chandler Trusts"), are trusts formed under the laws of the State of California for the benefit of the Chandler Family. Upon information and belief, there are nineteen subsidiary-trusts of the Primary Chandler Trusts, each formed under the laws of California, which are known as follows: **Philip Chandler Residuary Trust No. 2; May C. Goodan Trust No. 2; Ruth C. Von Platen Trust No. 2; Dorothy B. Chandler Marital Trust No. 2; Dorothy B. Chandler Residuary Trust No. 2; HOC Trust No. 2 FBO Scott Haskins; HOC Trust No. 2 FBO John Haskins; HOC Trust No. 2 FBO Eliza Haskins; HOC GST Exempt Trust No. 2. FBO Scott Haskins; HOC GST Exempt Trust No. 2. FBO John Haskins; HOC GST Exempt Trust No. 2. FBO Eliza Haskins; Alberta W. Chandler Marital Trust No. 2; Earl E. Crowe Trust No. 2; Patricia Crowe Warren Residuary Trust No. 2; Helen Garland Trust No. 2 (For Gwendolyn Garland Babcock); Helen Garland Trust No. 2 (For William M. Garland III); Helen Garland Trust No. 2 (For Hillary Duque Garland); Garland Foundation Trust No. 2; Marian Otis Chandler Trust No. 2**, (collectively, the "Chandler Subsidiary Trusts", along with the Primary Chandler Trusts, the "Chandler Trusts"). Each of the Chandler Trusts is believed to have an address of 351 West Colorado Boulevard, Suite 230,

Pasadena, CA 91105.

114. Upon information and belief, either one or more of the Chandler Trusts received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,632,000,000.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the Chandler Trusts, and/or (ii) other unknown persons or entities for whose benefit one or more of the Chandler Trusts held, transferred or exchanged such stock interests.

115. Upon Upon information and belief, **Defendant American Enterprise Investment Services Inc.** is a Minnesota Corporation, is authorized to do business in the State of California, and has designated CT Corporation System, having an address of 818 West Seventh Street, Los Angeles, California 90017, as its agent for service of process.

116. Upon information and belief, either Defendant American Enterprise Investment Services Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,342,174.00 as payment for the common stock interests in Tribune owned by either (i) Defendant American Enterprise Investment Services Inc., and/or (ii) other unknown persons or entities for whose benefit Defendant American Enterprise Investment Services Inc. held, transferred or exchanged such stock interests.

117. Upon information and belief, **Defendant Reliance Trust Company** is a Georgia Trust Company, is authorized to do business in the State of California, and has designated CT Corporation System, having an address of 818 West Seventh Street, Los Angeles, California 90017, as its agent for service of process.

118. Upon information and belief, Defendant Reliance Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,015,892.00 as payment for the common stock interests in Tribune owned by either (i) Reliance Trust Company, and/or (ii) other unknown persons or entities for whose benefit Reliance Trust Company held, transferred or exchanged such stock interests.

119. Upon information and belief, **Defendant The Bank of Nova Scotia** is a

bank formed under the laws of Canada, which conducts business in the State of California, and has listed with the California Secretary of State, Maarty Van Otterloo, with an address of 580 California Street, Suite 2100, San Francisco, California 94104, as its agent for service of process.

120. Upon information and belief, Defendant The Bank of Nova Scotia, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,973,428.00 as payment for the common stock interests in Tribune owned by either (i) The Bank of Nova Scotia, and/or (ii) other unknown persons or entities for whose benefit The Bank of Nova Scotia held, transferred or exchanged such stock interests.

121. Upon information and belief, **Defendant Union Bank of California, N.A.** is a national association chartered under the laws of the United States, and conducts business in Los Angeles, California.

122. Upon information and belief, Defendant Union Bank of California, N.A., received Step One and/or Step Two Transfers from Tribune in the amount of at least $5,296,758.00 as payment for the common stock interests in Tribune owned by either (i) Union Bank of California, N.A., and/or (ii) other unknown persons or entities for whose benefit Union Bank of California, N.A. held, transferred or exchanged such stock interests.

123. Upon information and belief, **Defendant T. Rowe Price Group, Inc.** is a Maryland Corporation, conducts business in the State of California and has an executive office located at 333 Bush Street, Suite 2550, San Francisco, California 94104.

124. Upon information and belief, Defendant T. Rowe Price Group, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $213,868,432.00 as payment for the common stock interests in Tribune owned by either (i) T. Rowe Price Group, Inc., and/or (ii) other unknown persons or entities for whose benefit T. Rowe Price Group, Inc. held, transferred or exchanged such stock interests.

125. Upon information and belief, **Defendant Vanguard Group, Inc.** is a

California Corporation, having its executive office located at 8950 W. Olympic Blvd., Suite 105-166, Beverly Hills, CA 90211, and has designated MMTS, Inc., with an address of 628 S. Aviation Boulevard, Manhattan Beach, California 90266, as its agent for service of process.

126. Upon information and belief, **Defendant The Vanguard Group, Inc.** is a California Corporation, having its executive office located at 3990 El Coral Way, San Jose, CA 95118, and has designated Richard Clenner, with an address of 2132 Palos Verdes Drive West #6, Palos Verdes Estates, CA 90274 as its agent for service of process.

127. Upon information and belief, **Defendant The Vanguard Group Inc.** is a California Corporation, and has designated Infosearch, Inc., having an address of 1455 Response Road, Suite 250, Sacramento, CA 95815 as its agent for service of process.

128. Upon information and belief, **Defendant Vanguard Financial Group, Inc.** is a California Corporation, and has designated Spiegel & Utrera, P.C., having an address of 4727 Wilshire Blvd., Suite 601, Los Angeles, California 90010.

129. Upon information and belief, either one or more of Defendants The Vanguard Group, Inc., The Vanguard Group Inc., Vanguard Financial Group, Inc. and/or Vanguard Group, Inc. (collectively, the "Vanguard Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $97,679,824.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the Vanguard Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the Vanguard Entities held, transferred or exchanged such stock interests.

130. Upon information and belief, **Defendant Wedbush Securities, Inc.** is a California Corporation, and has designated Shawn T. Keagy, having an address of 1000 Wilshire Blvd., 9th Floor, Los Angeles, California 90017, as its agent for service of process.

131. Upon information and belief, Defendant Wedbush Securities, Inc.,

received Step One and/or Step Two Transfers from Tribune in the amount of at least $728,858.00 as payment for the common stock interests in Tribune owned by either (i) Wedbush Securities, Inc., and/or (ii) other unknown persons or entities for whose benefit Wedbush Securities, Inc. held, transferred or exchanged such stock interests.

**Individual Stock Transferee Defendants**

132. Upon information and belief, **Defendant Nancy Fay Johnson** is an individual, who is a citizen and/or resident of the State of California, having an address of 806 North Foothill Road, Beverly Hills, California 90210.

Upon information and belief, Defendant Nancy Fay Johnson, received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,974,846.00 as payment for the common stock interests in Tribune owned by either (i) Nancy Fay Johnson, and/or (ii) other unknown persons or entities for whose benefit Nancy Fay Johnson held, transferred or exchanged such stock interests

133. Upon information and belief, **Defendant Enrique Hernandez Jr.** is an individual, who is a citizen and/or resident of the State of California.

134. Upon information and belief, Defendant Enrique Hernandez Jr., received Step One and/or Step Two Transfers from Tribune in the amount of at least $462,672.00 as payment for the common stock interests in Tribune owned by either (i) Enrique Hernandez Jr., and/or (ii) other unknown persons or entities for whose benefit Enrique Hernandez Jr. held, transferred or exchanged such stock interests.

135. Upon information and belief, **Defendant Jeffrey Chandler** is an individual, who is a citizen and/or resident of the State of California.

136. Upon information and belief, Defendant Jeffrey Chandler, received Step One and/or Step Two Transfers from Tribune in the amount of at least $380,358.00 as payment for the common stock interests in Tribune owned by either (i) Jeffrey Chandler, and/or (ii) other unknown persons or entities for whose benefit Jeffrey Chandler held, transferred or exchanged such stock interests.

137. Upon information and belief, **Defendant Roger Goodan** is an

individual, who is a citizen and/or resident of the State of California.

138. Upon information and belief, Defendant Roger Goodan, received Step One and/or Step Two Transfers from Tribune in the amount of at least $446,250.00 as payment for the common stock interests in Tribune owned by either (i) Roger Goodan, and/or (ii) other unknown persons or entities for whose benefit Roger Goodan held, transferred or exchanged such stock interests.

139. Upon information and belief, **Defendant William Stinehart Jr.** is an individual, who is a citizen and/or resident of the State of California.

140. Upon information and belief, Defendant William Stinehart Jr., received Step One and/or Step Two Transfers from Tribune in the amount of at least $430,100.00 as payment for the common stock interests in Tribune owned by either (i) William Stinehart Jr., and/or (ii) other unknown persons or entities for whose benefit William Stinehart Jr. held, transferred or exchanged such stock interests

141. Upon information and belief, **Defendant Scott Smith** is an individual, who is a citizen and/or resident of the State of California, having an address of 8345 E County Drive, El Cajon, California 92021.

142. Upon information and belief, Defendant Scott Smith, received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,659,214.00 as payment for the common stock interests in Tribune owned by either (i) Scott Smith, and/or (ii) other unknown persons or entities for whose benefit Scott Smith held, transferred or exchanged such stock interests.

**Confidential Stock Transferee Defendants:**

143. Pursuant to an order of the Bankruptcy Court, dated May 19, 2011 (the "**Protective Order**") (annexed as Exhibit B hereto), on or about May 25, 2011 Plaintiffs were provided with information concerning certain defendants pursuant to an order of confidentiality which, subject to further order of an appropriate court, prevents the disclosure of information concerning the timing or amount of transfers to defendants.

144. As such, Plaintiffs have identified on **Exhibit C** hereto, the names

and addresses of named defendants as produced by the Creditors' Committee who, upon information and belief, received Step One and/or Step Two Transfers as Fraudulent Conveyances, but who are subject to the terms of the Protective Order and or whose transfer information was not made available to Plaintiffs (the "**Confidential Stock Transferee Defendants**").

145. Plaintiffs seek to avoid and recover the Fraudulent Conveyances made to the Confidential Stock Transferee Defendants in amounts to be determined.

**DOE Stock Transferee Defendants**

146. The basis for suing herein defendants under the fictitious names DOES 1 through 2000, inclusive, is that Plaintiffs have not been afforded ample time or discovery to ascertain the exact identity of all transferees and, upon information and belief, various clearing or other brokerage houses may have held Tribune stock for or transferred proceeds from the Step One and/or Step Two Transfers to ultimate beneficiaries. Plaintiffs, upon information and belief, have identified the transferees of the Step One and Step Two Transfers; however, to the extent that such defendants claim to be initial or pass-through transferees, upon ascertaining the true identity of DOES 1 through 2000, inclusive, Plaintiffs will amend this Complaint.

## COUNT ONE

### Avoidance and Recovery of Constructive Fraudulent Conveyances Against Defendant Stock Transferees By Tribune Retiree Creditor Plaintiffs

147. Tribune Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-146 as though fully set forth herein.

148. Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

149. Each Defendant identified above as an Individual Stock Transferee

Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

150. Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

151. Each Defendant fictitiously named DOES 1 through 2000, inclusive, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such DOE Defendant's common stock interests in Tribune.

152. Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

153. At the time of the Step One and/or Step Two Transfers to each Entity Stock Transferee Defendant, Individual Stock Transferee Defendant, Confidential Stock Transferee and John Doe Stock Transferee Defendant, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

154. Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq*.), the Step One and/or Step Two Transfers to or for the benefit of each Entity Stock Transferee Defendant, Individual Stock Transferee

Defendant, Confidential Stock Transferee Defendant and DOES 1 through 2000, inclusive, should be avoided and such avoided transfers should be turned over to the Tribune Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

## COUNT TWO

### Avoidance and Recovery of Constructive Fraudulent Conveyances Against Defendant Stock Transferees By Tribune Entity Retiree Creditor Plaintiffs

155. Tribune Entity Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-146 as though fully set forth herein.

156. Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

157. Each Defendant identified above as an Individual Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

158. Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

159. Each Defendant fictitiously named DOES 1 through 2000, inclusive, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock

interests in Tribune.

160. Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

161. At the time of the Step One and/or Step Two Transfers to each Entity Stock Transferee Defendant, Individual Stock Transferee Defendant, Confidential Stock Transferee Defendant and DOES 1 through 2000, inclusive, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

162. Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*), the Step One and/or Step Two Transfers to or for the benefit of the each Entity Stock Transferee Defendant, Individual Stock Transferee Defendant, Confidential Stock Transferee Defendant and DOES 1 through 2000, inclusive, should be avoided and such avoided transfers should be turned over to the Tribune Entity Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

## RESERVATION OF RIGHTS

163. Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and/or one or more Tribune Entities against any third party.

164. Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement to supplement or amend the list of Confidential Defendants and to further specify the amounts and timing of the transfers alleged.

165. Plaintiffs reserve the right, to the extent permitted under applicable law

or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and one or more Tribune Entities against any person who may be substituted for a John Doe Defendant.

**WHEREFORE**, by reason of the foregoing, Plaintiffs respectfully request that this Court enter judgment as follows:

(a) avoiding the transfers to the Entity Stock Transferee Defendants, and each of them, for the benefit of the Tribune Retiree Creditor Plaintiffs;

(b) avoiding the transfers to the Entity Stock Transferee Defendants, and each of them, for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(c) avoiding the transfers to the Individual Stock Transferee Defendants, and each of them, for the benefit of the Tribune Retiree Creditor Plaintiffs;

(d) avoiding the transfers to the Individual Stock Transferee Defendants, and each of them, for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(e) avoiding the transfers to the Confidential Stock Transferee Defendants, and each of them, for the benefit of the Tribune Retiree Creditor Plaintiffs;

(f) avoiding the transfers to the Confidential Stock Transferee Defendants, and each of them, for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(g) avoiding the transfers to DOES 1 through 2000, inclusive, for the benefit of the Tribune Retiree Creditor Plaintiffs;

(h) avoiding the transfers to DOES 1 through 2000, inclusive, for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(i) awarding the Tribune Retiree Creditor Plaintiffs, and each of them, damages in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Retiree Creditor Plaintiffs;

(j) awarding the Tribune Entity Retiree Creditor Plaintiffs damages, and each of them, in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Entity Creditor Retiree Plaintiffs;

(k) imposing a constructive trust on assets of the Defendants, and each of them, to the extent of avoid transfers in favor of the Tribune Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(l) imposing a constructive trust on assets of the Defendants, and each of them, to the extent of avoid transfers in favor of the Tribune Entity Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(m) awarding pre-and post-judgment interest at the legal rate on all avoided transfers; and

(n) awarding such other and further relief as the Court deems just and proper.

Dated: December 19, 2011

**Judd Law Group**

By: [signature]
Jeffrey M. Judd

**Teitelbaum & Baskin, LLP**
Jay Teitelbaum (admitted *pro hac vice*)

*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## NOTICE TO CREDITORS OF (I) ENTRY OF COURT ORDER AND (II) IMPENDING EXPIRATION OF STATUTE OF LIMITATIONS

TO: All Creditors of Tribune Company, *et al.*

PLEASE TAKE NOTICE that on March 1, 2011, the Original Plaintiff Group[2] filed a motion seeking, among other things, a determination that (i) the right to pursue state law constructive fraudulent conveyance claims against Step One and/or Step Two Shareholders

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Reversion Order.

(collectively, the "Creditor SLCFC Claims") now resides with eligible individual creditors of the Debtors and (ii) neither the automatic stay imposed by section 362 of the Bankruptcy Code nor the Mediation Order[3] precludes any creditor of the Debtors from asserting such Creditor SLCFC Claims (the "Reversion Motion").[4] On April 25, 2011, the Court entered an order (the "Reversion Order"),[5] a copy of which is attached hereto as Exhibit "A," granting the Reversion Motion to the extent provided therein.

PLEASE TAKE FURTHER NOTICE that, as set forth in the Reversion Motion, parties should operate under the assumption that the applicable state statute of limitations for eligible individual creditors to pursue the Creditor SLCFC Claims *may expire as early as June 4, 2011.* Creditors who wish to preserve or pursue such Creditor SLCFC Claims should seek out independent legal advice regarding preservation of their claims and compliance with the Reversion Order.[6] **Each creditor should make an individualized determination of when the statute of limitations will expire under applicable state law based on the advice of independent counsel and should not rely on any statements contained herein.**

---

[3] See Order Appointing Mediator [D.I. 5591].

[4] See Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief From Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation [D.I. 8201].

[5] See Order Granting (I) Relief From the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholder and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims [D.I. 8740].

[6] The Debtors have asked that creditors be advised that the only individual creditors who the Debtors believe might be eligible to assert these Creditor SLCFC Claims against shareholders are certain creditors of Tribune Company, whose stock was purchased from the shareholders in conjunction with the LBO.

CPAM: 3707579.19

PLEASE TAKE FURTHER NOTICE that copies of the Reversion Motion may be: (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282-2400; (ii) obtained free of charge from the Committee's website (http://kccllc.net/tribunecommittee); (iii) inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, DE 19801; or (iv) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

This Notice is not intended to (i) provide or constitute legal advice or (ii) create an attorney-client relationship. All statements made herein are qualified in their entirety by reference to the Reversion Order. Creditors are urged to seek out independent legal advice concerning both the Reversion Order and Creditor SLCFC Claims for individualized legal advice.

If you have questions concerning this notice, you may contact a Committee representative by telephone at (212) 408-5119 or email at tribuneinfo@chadbourne.com.

Dated: Wilmington, Delaware
May 4, 2011

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TRIBUNE
COMPANY, *et al.*

CPAM: 3707679.19

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Debtors. | D.I. 5591, 8201 |

**ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT THE AUTOMATIC STAY BARS COMMENCEMENT BY CREDITORS OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS TO RECOVER STOCK REDEMPTION PAYMENTS MADE TO STEP ONE SHAREHOLDERS AND STEP TWO SHAREHOLDERS AND (II) LEAVE FROM THE MEDIATION ORDER TO PERMIT COMMENCEMENT OF LITIGATION ON ACCOUNT OF SUCH CLAIMS**

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP, on behalf of its managed entities (collectively "Aurelius"), Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Deutsche Bank"), and Law Debenture Trust Company of New York, in

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Law Debenture" and, collectively with Aurelius, Deutsche Bank and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company, the "Original Plaintiff Group"), for entry of an order (I) determining that creditors have regained their state law constructive fraudulent conveyance claims to recover stock redemption payments made to Step One Shareholders (as defined below) and Step Two Shareholders (as defined below) due to the expiration of the statute of limitations under 11 U.S.C. § 546(a); (II) determining that the automatic stay does not bar the commencement of litigation by or on behalf of creditors with respect to such claims or, in the alternative, granting relief from the automatic stay to permit the commencement of such litigation; and (III) granting leave from this Court's Order Appointing Mediator [*ECF No. 5591*] (the "Mediation Order") to permit the commencement of such litigation (the "Motion"); and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; and the Court having considered the Motion at a hearing on March 22, 2011 (the "Hearing"); and the Court having overruled the objections to the Motion for the reasons stated at the Hearing; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED to the extent set forth herein.

2. Because no state law constructive fraudulent conveyance claims against shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO") were commenced by or on behalf of the Debtors' estates before the expiration of the applicable statute

of limitations under 11 U.S.C. § 546(a), the Debtors' creditors have regained the right, if any, to prosecute their respective state law constructive fraudulent conveyance claims against Step One Shareholders and/or Step Two Shareholders to recover stock redemption/purchase payments made to such shareholders in connection with the LBO (collectively, the "Creditor SLCFC Claims").

3. To the extent the automatic stay of 11 U.S.C. § 362(a) stays the commencement of any Creditor SLCFC Claims, the automatic stay is hereby lifted to permit the filing of any complaint by or on behalf of creditors on account of such Creditor SLCFC Claims, including, without limitation, any complaint filed by any plaintiff in the Original Plaintiff Group.

4. To the extent the Mediation Order stays the commencement of any Creditor SLCFC Claims, leave is hereby granted from such Mediation Order to permit the filing of the complaint(s) referenced in paragraph 3 above.

5. To the extent that a creditor other than a member of the Original Plaintiff Group seeks to file its own complaint with respect to its Creditor SLCFC Claims, such creditor shall file a statement in this Court acknowledging that the creditor shall, except as provided in and in accordance with paragraph 6 below, stay all actions in the state court litigation and will otherwise adhere to the terms of this Order.

6. Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made by the Original Plaintiff Group or any other creditor that files its own complaint; provided, however, that during such stay, any party, including any plaintiff in the Original Plaintiff Group, that files such a complaint may: (a) consistent with governing rules, amend such complaint; (b) complete

service of such complaint; and (c) take such steps, including immediately pursuing discovery, as are necessary solely for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any Creditor SLCFC Claims.

7. Nothing in this Order shall prejudice the rights of the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors' Committee") or any trust established under any plan of reorganization that is confirmed in the Debtors' chapter 11 cases, including to, as the case may be, (i) pursue whatever claims are properly asserted by the Creditors' Committee or by such trusts, in any proper venue, or (ii) amend in any way the adversary complaints (Adv. Pro. Nos. 10-53963 and 10-54010) filed by the Creditors' Committee in these chapter 11 cases, or take or seek to take any other action, or assert any rights or arguments, in connection with such claims or complaints.

8. Nothing in this Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a Creditor SLCFC Claim or any objection to any plan of reorganization currently before this Court.[2]

9. This Court shall, except with respect to the prosecution of the Creditor SLCFC Claims, retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated: April 25, 2011
Wilmington, Delaware

HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge

cc: William P. Bowden, Esquire[3]

[2] For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e).

[3] Counsel shall serve a copy of this Order on all interested parties and file a Certificate of Service with this Court.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS J. FITZSIMONS, *et al.*,<br>Defendants. | Adversary Proceeding No. 10-54010 (KJC)<br><br>Ref. Nos. 8866, 8914, 8919, 8920 and Adv. Nos. 113, 119, 120, 121 |

PROTECTIVE ORDER

Upon consideration of the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries for entry of a protective order relating to the subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure by the Aurelius Plaintiff Group[1] seeking Tribune Company shareholder information, all written responses and objections thereto, and the hearing on the Motion held on May 17, 2011, and for good cause shown, the Court hereby enters the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure made applicable by Rule 9014 and Rule 7026 of the Federal Rules of Bankruptcy Procedure to govern disclosure of information and documents in connection with Tribune Company shareholder information sought in connection with the above-captioned bankruptcy proceedings.

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

It is hereby ORDERED that:

1. The Motion is GRANTED.

2. In connection with this Court's Order Granting (I) Relief from the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims (entered April 25, 2011) [D.I. 8740], the Committee is authorized to produce the subpoenaed information to the Aurelius Plaintiff Group and to any other party that requests such information pursuant to lawful process (each a "Requesting Party"),[2] provided that the Requesting Party executes and returns to counsel for the Committee a confidentiality agreement in the same form as that attached hereto as Exhibit A.

3. The Court shall retain jurisdiction to interpret or enforce this Order.

Dated: May 19, 2011
Wilmington, Delaware

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

[2] The Committee has also received a request from counsel for the Retiree Claimants for the same information sought by the Aurelius Plaintiff Group.

# EXHIBIT A

CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of May __, 2011 by and between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee").

WITNESSETH

WHEREAS, Landis and Zuckerman on behalf of the Creditors' Committee filed Adversary Proceeding No. 10-54010 (KJC) on November 1, 2010 (the "Adversary Proceeding") in the bankruptcy cases filed under Chapter 11 of the Bankruptcy Code by the Tribune Company and certain of its affiliates (collectively, the "Debtors") titled In re Tribune Co., et al., Case No. 08-13141 (KJC) (Jointly Administered), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Bankruptcy Court has granted parties represented by the Requesting Party leave to commence civil actions to assert certain claims under applicable state law (the "State-Law Actions");

WHEREAS, the Requesting Party served the Producing Party with a Subpoena with a request for documents dated April 29, 2011 (the "Subpoena"), in connection with the Adversary Proceeding and in anticipation of the State-Law Actions;

WHEREAS, in responding to the Subpoena, the Producing Party will provide the Requesting Party with documents, as that term is defined in the subpoena ("Documents"), including Documents that contain or constitute responsive, nonpublic information or confidential or proprietary business, technical or financial information, including nonpublic or confidential information provided by one or more persons or entities (each an "Originating Party") to the Producing Party in connection with the Adversary Proceeding ("Confidential Information");

WHEREAS, any Originating Party is a third-party beneficiary of the Agreement and has an interest in protecting the confidentiality of its Confidential Information.

WHEREAS, the Parties to this Agreement acknowledge the importance of preserving the confidentiality of the Confidential Information and Confidential Information that is designated by any Originating Party as "Highly Confidential—Attorneys' Eyes Only" (as defined below) and agree to abide by this Agreement with respect thereto;

NOW, THEREFORE, the Parties hereby agree as follows:

1. The term "Confidential Information" shall also include any notes, summaries, compilations, memoranda, minutes or similar materials disclosing or discussing Confidential Information. The Confidential Information shall be furnished or otherwise disclosed or made known to the Requesting Party and its local counsel subject to the terms and conditions of this

Agreement. This Agreement and the obligations of the Requesting Party shall apply to all Confidential Information regardless of whether it is provided by the Producing Party or its counsel, consultants, accountants, experts, auditors, examiners, financial advisors or other agents or professionals (collectively, "Advisors").

2. All Documents that the Producing Party produces in response to the Subpoena, including Documents identifying parties who subsequently may be named as parties in the State-Law Actions, will be used solely in connection with the State-Law Actions and related proceedings. All Confidential Information furnished, disclosed or made known to the Requesting Party or its local counsel by the Producing Party or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Requesting Party or its local counsel or any of their Advisors that contains, reflects or is derived from the Confidential Information, shall be used by the Requesting Party and its local counsel solely and exclusively in connection with the State-Law Actions and related proceedings. The Requesting Party and its local counsel and each of their Advisors shall each carry out its obligations hereunder using a reasonable degree of care. For purposes of this Agreement, the term "related proceedings" shall refer to any action or proceeding commenced in any federal or state court or foreign tribunal (including, but not limited to, any court or tribunal to which the State-Law Actions are removed, transferred, or consolidated) for purposes of preserving or recovering assets, acquiring discovery in aid of and/or obtaining, enforcing, or collecting on a judgment in connection with the State-Law Actions.

3. The Producing Party shall produce documents with the same designations as the documents produced to it by the Originating Party. Documents designated as "Highly Confidential—Attorneys' Eyes Only" contain Confidential Information that is competitively sensitive and/or proprietary to the Producing Party, the Debtors or the Originating Party, or from which competitively sensitive or proprietary information belonging to the Producing Party, the Debtors or the Originating Party could be derived. This includes, without limitation: (a) Documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications or trade secrets; and/or (b) information required to be maintained confidential by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy rights, including any and all personally identifiable financial information and nonpublic personal information of customers and consumers. In addition, the Originating Party may have designated as "Confidential" those Documents that it believes in good faith constitute or contain other categories of nonpublic information that is competitive or sensitive in nature.

4. The Requesting Party and its local counsel shall not provide Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity other than to: (a) attorneys, clerical, paralegal and secretarial staff employed by the Requesting Party or its local counsel, who shall be bound by this Agreement; or (b) Advisors of the Requesting Party or its local counsel who agree to be bound by this Agreement by executing the attached Exhibit A.

5. Any Document produced by the Producing Party to the Requesting Party may be provided to Aurelius Capital Management, LP ("Aurelius"), provided that Aurelius agrees to be bound by this Agreement by executing the attached Exhibit A.

6. Notwithstanding any other provision in this Agreement: (a) parties who have been identified in Documents produced in response to the Subpoena may be publicly named as parties in the State-Law Actions or related proceedings, provided, however, that any such publicly-named party shall not in any way be publicly associated, linked, or otherwise identified as having been at any point in time related to or a customer of the Originating Party; and (b) information concerning the timing and amount of payments to such parties may be included in any pleading filed by the Requesting Party or its local counsel in connection with the State-Law Actions or related proceedings, provided that the Requesting Party or its local counsel takes the necessary steps to file any such pleading under seal or otherwise prevent the public release of such information.

7. Notwithstanding any other provision in this Agreement, nothing herein shall prevent disclosure of any information: (a) if the Requesting Party receives consent to disclose such information from either the Originating Party or the customer or client of the Originating Party; (b) that is in the public domain at the time of disclosure, was previously in the public domain, or becomes part of the public domain through no fault of the Producing Party, the Requesting Party or Originating Party; or (c) if the Requesting Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party. Upon receiving consent to disclose information pursuant to subsection (a) of this paragraph 7, the Requesting Party shall promptly notify the Producing Party and the Originating Party (if consent is provided by a customer or client of the Originating Party) and identify the information that may be disclosed.

8. If the Requesting Party objects to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, the Requesting Party will initially contact the Originating Party in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court for relief. Upon initiating contact with the Originating Party under this paragraph 8, the Requesting Party shall promptly notify the Producing Party of such contact. Absent a written waiver or agreement from the Originating Party or an order of the Bankruptcy Court to the contrary, Documents designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the Parties specified above.

9. Should access to Documents stamped "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from the Requesting Party or its local counsel or any Advisor retained by any of them by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the Requesting Party or its local counsel, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; (b) prior to producing any such Documents, provide the Originating Party ten (10) business days to seek a court order preventing or limiting the production of such Documents; and (c) use best efforts to enter into a confidentiality agreement with the person seeking access to such Documents that provides the Originating Party substantially the same protections as this Confidentiality Agreement.

10. All Confidential Information, unless otherwise specified in writing, may be used as provided herein, but shall remain the property of the Originating Party. Ninety (90) days following the closing of all State-Law Actions and related proceedings, each recipient of Confidential Information who received such Confidential Information in connection with State-Law Actions and related proceedings agrees to promptly destroy all Confidential Information, including, without limitation, all documents, reports and exhibits provided by or on behalf of the Producing Party and all working papers containing any Confidential Information or extracts therefrom. In addition, and subject to the same proviso as immediately above, each recipient agrees at that time to destroy all copies of any notes, analyses, compilations, studies or other documents that it or its Advisors prepared containing or reflecting any Confidential Information. If requested by the Producing Party or the Originating Party, after destruction each recipient of Confidential Information will deliver a certificate executed by an appropriate officer of the recipient certifying that all such materials have been destroyed.

11. In order to facilitate the requirements of paragraphs 7, 8, 9, and 10 of this Agreement, the Producing Party shall provide the Requesting Party with information sufficient to specifically identify the Originating Party of any Document or information produced to the Requesting Party in response to the Subpoena.

12. The Requesting Party acknowledges that irreparable damage would occur to the Originating Party if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that the Originating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to the Originating Party at law or in equity. During the pendency of the State-Law Actions and related proceedings, all Parties hereto consent to the jurisdiction and venue of the Bankruptcy Court with respect to any controversy or claims arising out of or related to this Agreement or the use or disclosure or rights pertaining to Confidential Information. Upon conclusion of all State-Law Actions and related proceedings, all Parties consent to the jurisdiction and venue of the federal and state courts located in the State of Delaware with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

13. The inadvertent production of privileged information by the Producing Party or the Originating Party shall not constitute a waiver of any applicable privilege and the Requesting Party and its local counsel will return to the Producing Party any such materials inadvertently produced.

14. Nothing in this Agreement serves as a waiver of any objections that an Originating Party may have in any State Law Actions or related proceedings.

Executed this ___ day of May, 2011.

AKIN GUMP STRAUSS HAUER & FELD LLP

By:______________________________

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

By:______________________________

LANDIS RATH & COBB LLP

By:______________________________

ZUCKERMAN & SPAEDER LLP

By:______________________________

EXHIBIT A

In connection with the Confidentiality Agreement (the "Agreement") dated May __, 2011 between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the undersigned hereby agrees as follows (capitalized terms not defined herein shall have the meanings ascribed to those terms in the Agreement):

1. The undersigned has (i) been provided with a copy of the Agreement, (ii) read the Agreement, (iii) had an opportunity to review the Agreement with counsel, and (iv) been authorized to execute this Exhibit A to the Agreement.

2. To the extent that the Requesting Party or its local counsel provides the undersigned with documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" produced pursuant to the Agreement and the Subpoena, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the State-Law Actions and related proceedings and shall not be provided to anyone other than as permitted under the Agreement.

3. Should access to Documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable law or regulation, it will: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; and (b) prior to producing such Documents, provide the Originating Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

4. The undersigned agrees that the inadvertent production of privileged information by the Originating Party shall not constitute a waiver of any applicable privilege and that it will return to the Originating Party any such materials inadvertently produced.

Agreed and Accepted: May ____, 2011

______________________________
(Company Name)

By:___________________________
Name:
Title:

# EXHIBIT C

## EXHIBIT C

| Confidential Stock Transferees | Additional Confidential Stock Transferee Information | Address | City | State | Zip |
| --- | --- | --- | --- | --- | --- |
| Antoinette B Brumbaugh Ttee U/A Dtd 10/05/94 By Antoinette B Brumbaugh Pledged To ML Lender | | PO BOX 755 | WOODACRE | CA | 94973 |
| Aviv Nevo | | 12250 CASTLEGATE DR | LOS ANGELES CA 90049 | | |
| B Woods & L Mitchell Ttee - Woods/Mitchell Family Trust U/A DTD 01/25/1999 | | 2865 ALBATROSS ST | SAN DIEGO CA 92103 | | |
| Barclays Gbl Investors NA | A/C AP1 MSCI World Index Plus | 45 FREMONT STREET FL 33 | SAN FRANCISCO | CA | 94105-2204 |
| Bechtel | (Vicesel Group Inc.) | SUITE 100<br>AVARD WALKER<br>50 BEALE STREET | SAN FRANCISCO | CA | 94105 |
| Bellsouth Corp. Non-Representable Health Care Trust | C/O First Quadrant | 800 EAST COLORADO BOULEVARD SUITE 900 | PASADENA | CA | 91101 |
| Bernard And Barbra Osher 2006 Charitable Rem Unitrust #2 | | 1 FERRY BUILDING SUITE 255 | SAN FRANCISCO | CA | 94111-4243 |
| Bernard Osher 2006 Charitable | Remainder Untrust #2 | 1 FERRY BUILDING SUITE 255 | SAN FRANCISCO | CA | 94111-4243 |
| Bernard Osher Trust U/A Dtd 3/8/88 | Bernard Osher TrusteeDiscretionary Account | ONE FERRY BUILDING<br>SUITE 255 | SAN FRANCISCO | CA | 94111-4243 |
| CA Public Ee Retrmnt Sys | CALPERS SW5J A/C Domestic Enhanced Index St | 400 P STREET RM 3492 | SACREMENTO | CA | 95814-5345 |
| California Ironworkers Field | Pension Trust | 131 EL MOLINO AVE, SUITE 330 | PASADENA | CA | 91101-1873 |
| CALPERS (California Pub. Emp. Retire. Sys.) | | AEISHA MASTAGNI<br>400 Q STREET | SACRAMENTO | CA | 95811 |
| CALPERS (Dynamic Completion Fund) | | CALPERS<br>AEISHA MASTAGNI<br>400 Q STREET | SACRAMENTO | CA | 95811 |
| Camilla Chandler Family Foundation | | 875 CORNSTOCK AVENUE #8E AND 8F | LOS ANGELES | CA | 90024 |
| Carl Zlatchin Profit | Delaware Charter G&T Ttee FBO | 1342 MASONIC AVE. | SAN FRANCISCO | CA | 94117-4012 |
| Catherine A Verdusco Ttee U/A Dtd 12/13/1989 Benjamin J. Verdusco Trust | | 215 S SANTA FE AVE # 9 | LOS ANGELES | CA | 90012 |
| Catherine A Verdusco as Trustee U/A Dtd 12/13/1989 Francesca J. Verdusco Trust | | 215 S SANTA FE AVE # 9 | LOS ANGELES | CA | 90012 |
| Catholic Healthcare West | | SUITE 300<br>BILL BAIRD<br>185 BERRY STREET | SAN FRANCISCO | CA | 94107-1739 |

| | | | | | |
|---|---|---|---|---|---|
| Charles Schwab Inv. Mgt. Co | (Charles Schwab Inv. Mgt. Co) | LINDA DOHERTY<br>211 MAIN STREET | SAN FRANCISCO | CA | 94104 |
| Cutler Group LP | | 220 BUSH ST/STE 950 | SAN FRANCISCO | CA | 94104 |
| Daryl V Dichek | | 101 AMIGO RD | SOQUEL CA 95073-9509 | | |
| Eureka Options LLC | | 220 MONTGOMERY ST/STE 600 | SAN FRANCISCO | CA | 94104 |
| First Republic Bank | | 111 PINE STREET<br>TRUST DEPT | SAN FRANCISCO | CA | 94111 |
| Glass Lewis & Co. | PVA-NOR066 / STATE OF NORTH CAROL | ONE SANSOME ST. SUITE 3300 | SAN FRANCISCO CA 94104 | | |
| Herbert G. Lau Profit Sharing Qrp Participation | Delaware Charter G&T Ttee | 2222 CLAY ST. | SAN FRANCISCO | CA | 94115-1930 |
| Iris B. Mahoney & Paul M. Mahoney Ttees for<br>Iris B. Mahoney Revocable Trust U/A/D 04/10/98 | PAUL M. MAHONEY TTEES | 150 W. FIRST ST #280 | CLAREMONT CA 91711-4739 | | |
| Irving & Varda Rabin 1992 Revocable Trust | C/O Rabin Worldwide | 650 TOWNSEND ST. SUITE 480 | SAN FRANCISCO | CA | 94103-6225 |
| Janna L Gadden | | 1906 SILVERWOOD LN | LOS ANGELES CA 90041-3127 | | |
| Joy Leichenger Ttee - Joy Leichenger Trust - U/A DTD 08/02/1978 | | 10560 WILSHIRE BLVD APT 503 | LOS ANGELES CA 90024 | | |
| Kaiser Fdn Hlth Plans+Hospital | (Kaiser Permanente Rabbi Trust) | VYVIAN HEATH<br>ONE KAISER PLAZA 13TH FL | OAKLAND | CA | 94612 |
| Leonard F. Hill, Ttee Hill Revocable Living Trust Dtd 12/24/91 | | 350 N. JUNE ST. | LOS ANGELES | CA | 90004-1042 |
| Lucile M Dunn Ttee U/A Dtd 12/19/1991 Lucile Mcvey Dunn Trust | | 1775 S SAN GABRIEL BLVD | SAN MARINO | CA | 91108 |
| Max S Bell and Jean F Bell | | 156 MONTEREY AVE | PACIFIC GROVE CA 93950-2855 | | |
| Mellon Bank N.A. Emp Ben Pl | Fit Collective Investment Plan | MELLON CAPITAL MANAGEMENT<br>595 MARKET STREET - SUITE 3000 | SAN FRANCISCO | CA | 94105-2882 |
| Monumental Life Insurance Co | Teamsters Separate Account | 2050 CENTURY PARK EAST STE 330 | LOS ANGELES | CA | 90067-3105 |
| Nancy Fay Johnson | | 806 N FOOTHILL RD | BEVERLY HILLS | CA | 90210 |
| Patricia H Yeomans Ttee - The Yeomans Family Trust U/A 2/22/92 | | 515 N LILLIAN WAY | LOS ANGELES CA 90004 | | |
| Paul M Mahoney Ttee U/W/O Paul P Mahoney DTD 12/28/1978 | | 150 W. FIRST ST #280 | CLAREMONT | CA | 91711-4739 |
| PG&E Qual Cpuc Ndl Partnership | PG&E Qual CPUC Ndt Partnership | ONE MARKET SPEAR TOWER | SAN FRANCISCO | CA | 94105 |
| Prism Partners I, L.P. | C/O Weintraub Capital Mgt.<br>Attn: Jerald M. Weintraub | 44 MONTGOMERY STREET<br>SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| Prism Partners III Leveraged, L.P. | C/O Weintraub Capital Mgt.<br>Attn: Jerald M. Weintraub | 44 MONTGOMERY STREET<br>SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| Prism Partners IV Leveraged Offshore Fund | C/O Weintraub Capital Mgt.<br>Attn: Jerald M. Weintraub | 44 MONTGOMERY STREET<br>SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| Prism Partners Offshore Fund | C/O Weintraub Capital Mgt.<br>Attn: Jerald M. Weintraub | 44 MONTGOMERY STREET<br>SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| Prism Partners II Offshore Fund | C/O Weintraub Capital Mgt.<br>Attn: Jerald M. Weintraub | 44 MONTGOMERY STREET<br>SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| Prism Partners II, L.P. | C/O Jerald M. Weintraub | 909 MONTGOMERY ST., STE. 406 | SAN FRANCISCO | CA | 94133 |
| Re Camden Asset Mgmt LP | Yeild Strategies Fund I LP | 10100 SANTA MONICA BVLD SUITE 770 | LOS ANGELES | CA | 90067-4003 |
| Reinhold & Shelley Weege Ttee - Weege Family Trust - U/A 6/21/89 | ATTN MM123 | 9736 LA JOLLA FARMS RD | LA JOLLA CA 92037 | | |

| Name | Care Of | Address | City | State | Zip |
|---|---|---|---|---|---|
| Richard & Carol Askin Ttee U/A Dtd 09/27/1990 By Askin Family Trust | | 13650 MARINA POINTE DR UNIT 15 UNIT 1503 | MARINA DL REY | CA | 90292-9292 |
| Robert D Friedman Ttee - Friedman Living Trust -U/A 08/04/99 | | PO BOX 2209 | NEWPORT BEACH CA 92659-1509 | | |
| Rosenberg Revocable Trust - Claude And Louise Rosenberg Trustees | C/O Ken Hiller Folger Levin LLP | 199 FREMONT STREET 23RD FLOOR | SAN FRANCISCO | CA | 94105 |
| RWB | (SA Funds Investment Trust) | ALEXANDER B POTTS 1190 SARATOGA AVE SUITE 200 | SAN JOSE | CA | 95129 |
| Sacramento Cnty Emp Ret System | (Sacramento County Ret Assoc) | JEFF STATES 980 9TH ST STE 1800 | SACRAMENTO | CA | 95812-0687 |
| Samuel Moore Ttee - Samuel S. Moore Trust - U/A DTD 10/11/1988 | | PO BOX 1248 | NEWCASTLE CA 95658 | | |
| San Pasqual Fiduciary Trust Co. | Arnold, Richard S. (Margaret Mckenzie Living Tst U/A Dtd 02/23/1994) | 624 SOUTH GRAND AVE., SUITE 2625 | LOS ANGELES | CA | 90017 |
| SC Edison Nuclear Facilities | SC Edison Nuclear Facilities | QUALIFIED CPUC DECOM MASTER TR 2244 WALNUT GROVE AVENUE | ROSEMEAD | CA | 91770 |
| Sempra Energy Pension Mstr Trst | Sempra Energy Pension Master | TRUST 101 ASH STREET | SAN DIEGO | CA | 92101 |
| Shirley Dichek Ttee - Dichek Family Trust - U/A 12/11/74 FBO Shirely Dichek | | 100 BAY PL APT 1807 | OAKLAND CA 94610-4428 | | |
| Standford University LCV | | 2770 Sand Hill Road | Menlo Park | CA | 94026 |
| STRS | (State Of California) | STATE TEACHERS RETIREMENT SYS POST OFFICE BOS 15275 100 WATERFRONT PLACE 14TH FL | SACRAMENTO | CA | 95605-2807 |
| Synergy Capital Management Llc | | 4553 GLENCOE AVE | MARINA DEL REY | CA | 90292 |
| The Spurgeon Family Limited | Partnership C/O Charles H. Spurgeon | 220 RAMONA AVE | EL CERRITO | CA | 94530-4145 |
| The Whittier Trust Company | | 1600 HUNTINGTON DRIVE | SOUT PASADENA | CA | 91030 |
| University Of CA Regents | (SCAL Regents) | SUITE 1400 ROBERT YASTISHAK 1111 BROADWAY | OAKLAND | CA | 94607-9828 |
| V Trader Pro LLC | | 220 BUSH ST | SAN FRANCISCO | CA | 94104 |
| Verna R. Harrah Trust Special Account Dtd 9/5/86 | Verna Harrah Trustee C/O Gatto Pope & Walwick LLP | 550 WEST C STREET SUITE 1700 | SAN DIEGO | CA | 92101-3568 |
| Water And Power Employees' Ret | Water And Power Employees' Ret | DISAB & DEATH BENEFIT INS PLAN 111 NORTH HOPE STREET | LOS ANGELES | CA | 90012 2690 |
| Weintraub Capital Management | Attn: Tim Dedering | 44 MONTGOMERY STREET SUITE 4100 | SAN FRANCISCO | CA | 94104-4814 |
| WG Trading Co LP | Robb Evans & Associates LLC Receiver In The Matter Of WG Trading | 11450 SHELDON ST | SUN VALLEY | CA | 91352-1121 |
| Will K. Weinstein Revocable Trust U/A Dtd 2-27-90 | Will K. Weinstein Tte | ONE FERRY BUILDING SUITE 255 | SAN FRANCISCO | CA | 94111-4243 |
| William J Bell Ttee William - James Bell 1993 Tr U/A 8/23/93 (Cash & Holding Account) | C/O Bell Phillip Television | 7800 BEVERLEY BLVD. SUITE 3371 | LOS ANGELES | CA | 90036-2112 |
| | | | | | |
| Added December 2011 | | | | | |
| Research Affiliates Fundamental Index LP | | 620 Newport Center Drive, Suite 900 | Newport Beach | CA | 92660 |
| MC Investment Partners LLC | | 5473 Coll Terrace | San Diego | CA | 92130 |
| SEMPRA ENERGY PENSION MASTER TRUST | | 101 ASH STREET | SAN DIEGO | CA | 92101 |
| Pacific Gas & Electric Company-PG&E QUAL CPUC NDT PARTNERSHIP | | ONE MARKET SPEAR TOWER | SAN FRANCISCO | CA | 94105 |
| LOS ANGELES DEPT OF WATER AND POWER Employee RET- T ROWE PRICE LG VAL -DISABILITY & DEATH BENEFIT INSURANCE PLAN | | 111 NORTH HOPE STREET | LOS ANGELES | CA | 90012 |
| EB RUSSELL 1000 VALUE STOCK-EB DV LARGE CAP VALUE STOCK INDEX | c/o MELLON BANK N.A. EMP BEN PL-FIT COLLECTIVE INVESTMENT PLAN | 595 MARKET STREET - SUITE 3000 | SAN FRANCISCO | CA | 94105 |
| Pacific Select Fund - Equity Index Portfolio | Pacific Select Fund | 700 Newport Center Drive | Newport Beach | CA | 92660 |
| Schwab 1000 Index Fund (2M25) | | 211 Main Street | SAN FRANCISCO | CA | 94105 |
| Schwab S&P 500 Index Fund (2M32) | | 211 Main Street | SAN FRANCISCO | CA | 94105 |
| Schwab Institutional Select S&P 500 Fund (2M37) | | 211 Main Street | SAN FRANCISCO | CA | 94105 |

| | | | | | |
|---|---|---|---|---|---|
| Schwab Total Stock Market Index Fund (2M40) | | 211 Main Street | SAN FRANCISCO | CA | 94105 |
| SCHWAB FUNDAMENTAL US LG CO (2MB1) | | 211 Main Street | SAN FRANCISCO | CA | 94105 |
| City of Los Angeles Fire and Police Pension Plan | Attn: Tom Lopez, CIO | 360 E. 2nd Street, 6th Floor | LOS ANGELES | CA | 90012 |
| San Francisco City & County Employees' Retirment System | Attn: David E. Kushner | 30 Van Ness Avenue, Suite 3000 | SAN FRANCISCO | CA | 94103 |
| Harvey Mudd College | Attn: Scott Martin | 301 East 12th Street | Claremont | CA | 91711 |
| City Employee's Retirement System of the City of Los Angeles | Attn: Wayne Ige, Interim CIO | 360 E. 2nd Street, 8th Floor | LOS ANGELES | CA | 90012 |
| The Board of Trustees of Leland Stanford Junior University | | 2770 Sand Hill Road | Menlo Park | CA | 94025 |
| 02114 Whittier TR CO Value A 01791 | The Whittier Trust Company | 1600 Huntington Drive | South Pasadena | CA | 91030 |
| Southern California Edison, NDT | SC Edison Nuclear Facilities | 2244 Walnut Grove Avenue | Rosemead | CA | 91770 |
| B4301 First Republic Bank | First Republic Bank | 111 Pine Street | SAN FRANCISCO | CA | 94111 |